# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| William Marinese, Regina Marinese, Cynthia Marinese, and Brandy Marinese, | |
| Plaintiffs, | 1:10-CV-00008 JWS |
| vs. | **ORDER AND OPINION** |
| United States of America, | [Re: Motions at dockets 22, 31] |
| Defendant. | |

## I. MOTION PRESENTED

At docket 22, defendant United States of America (Government) asks the court to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction over plaintiffs' claims under the Federal Tort Claims Act (FTCA). It argues that dismissal is required because under the exclusive remedy provision in Alaska's Workers' Compensation Act (AWCA), there would be no tort liability against a "private individual under like circumstances." Plaintiffs William Marinese (Marinese), Regina Marinese, Cynthia Marinese, and Brandy Marinese (collectively plaintiffs) oppose the motion at docket 30, arguing that the Government would not be immune from a tort claim under the AWCA if it were a private entity and

that the AWCA was not intended to narrow a plaintiff's recovery in such a situation. Alternatively, plaintiffs filed a motion at docket 31, asking that the court certify to the Alaska Supreme Court the issue of whether the Government would be entitled to the exclusive remedy defense under the AWCA. Defendant's reply to its motion to dismiss is at docket 42 and its response to the motion to certify is at docket 43. Plaintiffs' reply to the motion to certify is at docket 47. Oral argument was heard on March 5, 2013.

## II.  BACKGROUND

Plaintiffs' complaint alleges that on May 17, 2007, Marinese was delivering mail to the United States Postal Service (USPS) office in Craig, Alaska, when the overhead freight door came off its rollers and collapsed on Marinese causing long-term injury. Plaintiffs brought suit against the Government under the FTCA, alleging negligence. Marinese testified during his deposition that he received workers' compensation benefits from his employer's insurance provider for four years after the accident.[1]

Marinese's employer at the time of the accident was Promech Air in Ketchikan, Alaska (Promech). As part of his job, Marinese was delivering freight flown over from Ketchikan on a Promech flight to a variety of businesses in Craig, including mail to the USPS. At the time of the accident, Promech was a certified air carrier for the USPS, meaning it had met the Department of Transportation's requirements and was allowed to carry mail subject to federal statutes and regulations.[2] While there was no contract between the USPS and Promech, the relationship between the two was governed by regulations adopted by the USPS under the authority of 39 U.S.C. § 5401(b).[3] Promech was authorized to carry mail from Ketchikan to Craig pursuant to certain forms issued

---

[1] Doc. 22-1 at pp. 7, 10.

[2] Doc. 30-5 at p. 5.

[3] Handbook PO-508, Section 1-1, Doc. 22-3 at 1.

by the USPS, and Promech was compensated based on the information filled out on such forms.[4]

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction.  In order to survive a defendant's motion to dismiss, a plaintiff has the burden of proving jurisdiction.[5]  Plaintiffs in this case argue that defendant's 12(b)(1) motion should be converted to a motion for summary judgment because it was brought too late under Rule 12 of the Federal Rules of Civil Procedure and because defendant relies on materials outside of the pleadings.  The motion is appropriately considered at this time because it involves subject matter jurisdiction,[6] an issue which cannot be waived.[7]  The motion need not be converted to a motion for summary judgment because the substantive issues on the merits and the jurisdictional issues are not intertwined.[8]  In a factual attack on subject matter jurisdiction, the court is free to consider materials outside the pleadings.[9]

### IV.  DISCUSSION

The FTCA provides a limited waiver of the Government's sovereign immunity.  It may be held liable in a tort action "in the same manner and to the same extent as a

---

[4]Doc. 22-3 at p. 7.

[5]*Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[6]*McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction.").

[7]Fed. R. Civ. P. 12(h)(3).

[8]*Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). ("Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.")

[9]*Id.*

private individual under like circumstances."[10] The court has jurisdiction over tort actions against the Government only "under circumstances where the [the Government], if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[11] In other words, the Government has only waived immunity in circumstances where state law would make a similarly situated private person liable.[12] Where there is no liability for a private entity in an analogous situation, the court must dismiss the action for lack of subject matter jurisdiction.[13] To determine whether the court has jurisdiction, it must analogize the Government to a private actor in a similar situation and apply Alaska state law to determine amenability to suit.[14]

The Government argues that a similarly situated private actor in Alaska would be considered a "project owner" under AWCA which would be immune from liability in a negligence suit under AWCA's exclusive remedy provision. The AWCA provides that workers' compensation is the sole remedy available to an injured employee, and the exclusive remedy provision extends beyond the employer to anyone else who is liable or "potentially liable" for securing workers' compensation to an injured employee under AWCA.[15] A "project owner" is potentially liable for securing workers' compensation for

---

[10] 28 U.S.C. §2674

[11] 28 U.S.C. §1346(b)(1),

[12] *United States v. Olson*, 546 U.S. 43, 44 (2005).

[13] *LaBarge v. Mariposa County,* 798 F.2d 364, 366-67 (9th Cir. 1986).

[14] *Id.* at 366.

[15] AS § 23.30.055 states as follows: "The liability of an employer prescribed in AS 23.30.045 is exclusive and in place of all other liability of the employer and any fellow employee to the employee, the employee's legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from the employer or fellow employee at law or in admiralty on account of the injury or death. . . . In this section, "employer" includes, in addition to the meaning given in AS 23.30.395, a person who, under AS 23.30.045(a), is liable for or potentially liable for securing payment of compensation."

-4-

employees of the contractor if the contractor fails to do so,[16] and thus benefits from the exclusive remedy provision. A project owner is defined as a person who, "in the course of the person's business, engages the services of a contractor and who enjoys the beneficial use of the work."[17]

In this case, the analogous private actor would be a private sector package delivery company such as FedEx. Such an entity would be considered a project owner because if Promech were transporting packages from Ketchikan to Craig for such a company, that company would be engaging the services of a contractor and enjoying the benefits of the contractor's service. Plaintiffs assert that such a private entity should not be considered a project owner because that would mean every business that used Promech to transport goods or personnel to Craig on the day of Marinese's accident, perhaps ten to twenty different businesses,[15] would have to be considered a project owner, a result that the court agrees would be absurd. The argument overlooks a critical distinction between the hypothetical package delivery service and the small businesses in Craig. The distinction is that the package delivery service's principal business–its project–is the delivery itself, not some other commercial activity such as those in which small Craig businesses engage. Under Alaska law, a "project owner" is broadly defined as anyone who in the course of business engages the services of a contractor and who enjoys the beneficial use of the work.[16]

---

[16] AS § 23.30.045(a) states as follows: "An employer is liable for and shall secure the payment to employees of the compensation payable . . . . If the employer is a subcontractor and fails to secure the payment of compensation to its employees, the contractor is liable for and shall secure the payment of the compensation to employees of the subcontractor. If the employer is a contractor and fails to secure the payment of compensation to its employees or the employees of a subcontractor, the project owner is liable for and shall secure the payment of the compensation to employees of the contractor and employees of a subcontractor, as applicable."

[17] AS §23.30.045(f)(2).

[15] Doc. 30-2 at p. 2.

[16] *Trudell v. Hibbert*, 272 P.3d 331, 338-39 (Alaska 2012).

-5-

Plaintiffs also argue that because the USPS did not have a contract with Promech, Promech cannot be considered its contractor. It would follow that the USPS could not be considered a project owner under the AWCA. However, the issue is not whether the USPS would be liable under the statute (assuming there were a waiver of sovereign immunity). The issue is whether there has been a waiver of sovereign immunity which obligates the court to determine whether a private entity in an analogous situation would be liable. Of course, a private package delivery service would have a contract of some sort with Promech establishing prices and other essential terms for the service rendered. As already noted, the USPS and Promech were bound by terms established by federal law and regulations regarding the service Promech provided. These provisions are the functional equivalent of a contract between the USPS and Promech.

The USPS was not obligated to carry workers' compensation insurance. Therefore, contend plaintiffs, the exclusive remedy provision in the AWCA is not meant to apply because the Alaska legislature intended it to apply only to those who are in fact responsible for securing workers' compensation benefits. That is likely a correct statement of the intent behind the amendment to the AWCA which extended the exclusive remedy provision to project owners, but the court is not here deciding whether the USPS would be liable under state law, and so no question of how to apply the AWCA to the USPS arises and none need be certified to the state court. Rather, here, the court must apply federal law, specifically the FTCA, to determine whether it has jurisdiction. As noted previously, that requires consideration of the liability of a private entity in a similar situation. As the Ninth Circuit explained in *LaBarge v. County of Mariposa*,[17] the federal government is never exactly like a private actor, so a court's task

---

[17] 798 F.2d 364, 366-67 (9th Cir. 1986).

cannot be to find a private entity in the exact same circumstance as the Government, but rather, a private entity whose situation presents a reasonable analog.[18]

Plaintiffs also forcefully argue that it is inequitable to allow the USPS to obtain the benefits of AWCA's exclusive remedy provision when the USPS is not subject to the burdens of the workers' compensation requirements under AWCA. As appealing as that argument might be, Ninth Circuit law forecloses its consideration. In *LaBarge*, three federal secret service agents were killed when their car collided with a county sheriff's patrol car. The decedents' survivors brought a negligence action against the county, and the county settled. The county then sought contribution from the Government for thirty percent of the tort settlement, arguing that the federal agent driving the car that was hit by the sheriff's car was also negligent. The *LaBarge* court "recognize[d] the equities of [the] case and the arguable unfairness of requiring the County to pay for the [Government's] negligence."[19] Nevertheless, the Ninth Circuit concluded that California law barred the suit. Similarly, this court recognizes that the equities in this case may align with the plaintiffs in that Alaska's relatively recent expansion of its workers' compensation law to encompass project owners prevents him from seeking damages from the Government. However, this court is obligated to apply the law declared in *LaBarge*, which means there has been no waiver of sovereign immunity, and this court lacks subject matter jurisdiction.

---

[18] *Id.*

[19] *Id.* at 369.

## V.  CONCLUSION

Based on the preceding discussion, defendant's motion to dismiss at docket 22 is **GRANTED**, and plaintiffs' motion to certify question to the Supreme Court of Alaska at docket 31 is **DENIED**.

DATED this 7th day of March 2013

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE